## Director General of Railroads v. Dietrich.

*Railroads—Carriers—Storage—Demurrage—Carload freight.*

In an action by the Director General of Railroads to recover storage for freight unloaded for the purpose of releasing needed equipment, an affidavit of defence, in which it is distinctly denied that the car was unloaded to release equipment, is sufficient.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1920, No. 961.

*S. Brinton,* for plaintiff; *A. G. Dickson,* for defendant.

MARTIN, P. J., March 29, 1923.—The statement of claim alleges that plaintiff was Director General of Railroads, and as such operated the Pennsylvania Railroad; that defendant, a dealer in flour, shipped over the railroad, from Hanover, Pennsylvania, 630 sacks of flour, consigned to the Food Administration at Baltimore; that upon arrival the flour was unloaded to release the car for service and placed in storage; that the Grain Corporation refused to accept the flour and defendant requested the Grain Corporation to reconsign it to the Millbourne Mills, Pennsylvania; that the Grain Corporation, acting as agent for defendant, ordered the flour forwarded, and it was transported by plaintiff from Baltimore and delivered to the Millbourne Mills; that the tariff published and on file with the Interstate Commerce Commission at Washington, as required by the Act of Congress, makes carload freight unloaded by the company for the purpose of releasing needed equipment subject to the same storage charges as would accrue under car demurrage rules if the freight remained on the car; that the demurrage tariff in force, published and on file with the Interstate Commerce Commission, allowed twenty-four hours free time, and for each of the first four days thereafter $3, for the next three days $5, and for each succeeding day $10, national, state, municipal and legal holidays excluded; that the amount of charges accrued in accordance with this tariff was $660, the lading having been detained at Baltimore seventy chargeable days; that an Act of Congress levies a tax of 3 per cent. on the amount paid for transportation, payable to the carrier, and a ruling of the Commissioner of Internal Revenue, approved by the Secretary of the Treasury, includes in "transportation" storage and all incidental services, and that the tax amounts to $19.80, making the total claim $679.80.

The affidavit of defence, while admitting material facts averred in the statement of claim, denies that the flour "was unloaded from the car in order to release the same for service." It is claimed, therefore, that the tariff rates charged by plaintiff for storage are not applicable, as the unloading of

3 D. & C.

the cargo and placing it in storage was not done to release equipment, but in accordance with plaintiff's duties as a common carrier, and in furtherance of the contract of carriage which it had undertaken to perform.

The affidavit admits that the law imposes a tax, but denies that the amount of tax claimed accrued on this shipment.

The shipment and transhipment of the flour at defendant's request is admitted, and there is no denial that the flour was stored by plaintiff seventy chargeable days, nor that the charge is legal in the case of carload freight unloaded by the company for the purpose of releasing needed equipment; but defendant claims he should not be charged storage at the rate of "carload freight," because he specifically denies that the car containing the flour was unloaded to release equipment.

Until there is proof that this was a carload and that the car was unloaded to release the equipment there is no authority for the rate charged.

Rule discharged.